EL PUEBLO *v.* PABÓN.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 30.—Resuelto en Octubre 22, 1904.

PRUEBAS—ACTA DEL JUICO—DOCUMENTO PÚBLICO—AUTENTICIDAD Y EFICACIA.—El acta de un juicio celebrado ante una Corte es un documento público, que solo puede ser certificada por el Secretario de la Corte, y así certificada, es un documento de indiscutible autenticidad y eficacia, mientras no se demuestre su falsedad, y perfectamente admisible como prueba.

ID.—TESTIGOS.—No hay precepto alguno legal que impida que los empleados de las Fiscalías de las Cortes de Distrito sirvan como testigos en un juicio criminal, para declarar sobre hechos que á su presencia ocurrieran y de los que solamente ellos y el Fiscal podían tener conocimiento.

PERJURIO—FUNCIONARIO COMPETENTE.—La declaración hecha por una persona bajo juramento prestado ante funcionario competente, como es el Fiscal, de un hecho esencial cuya falsedad constare al declarante, constituye. el delito de perjurio.

ID.—El hecho de que el acusado ignorara la trascendencia de la declaración falsa que hubiere hecho y el de que tal declaración no afectara al resultado de la causa en que la misma se prestara, no constituye defensa en una causa por perjurio, pues es suficiente, para constituir tal delito, que la declaración sea importante y que se utilizara á los efectos de la causa en que se prestara.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Acuña (Eduardo).*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la siguiente opinión del Tribunal.

El caso sometido á la decisión de esta Corte Suprema es un recurso de apelación interpuesto por Antonio Pabón Velez, contra sentencia de la Corte de Distrito de Mayagüez, de

12 de Mayo último, que le condenó por el delito de perjurio, á la pena de dos años de presidio con trabajos forzados y al pago de las costas procesales. El Fiscal de dicha Corte en 21 de Octubre del año anterior, presentó contra Antonio Pabon Velez la siguiente acusación:

"El dia 24 de Noviembre del año próximo pasado 1902, el citado Antonio Pabón y Velez prestó declaración jurada ante el Hon. Fiscal de esta Corte de Distrito, entonces Mr. F. L. Cornwell, en la causa seguida contra el Genaro Ramos, por el delito de seducción de la jóven Belen Pavón, en la que declaró como cierto, conociendo su falsedad, el hecho de que: en la noche del 11 de Octubre del mismo año, encontrándose reunido con Federico Ramos y Ramon Montalvo, en un camino frente á la casa de Gregorio Pavón, vió pasar á un individuo vestido de negro, que se introdujo en la cocina de la casa de dicho Gregorio Pavón, y que á los pocos momentos el sujeto Genaro Ramos, que era el mismo á quien habia visto entrar, se acerca á él y á sus compañeros y les manifestó lo siguiente: "Como ustedes me han visto entrar en la casa de Don Gollo Pavón, ustedes más ó menos se figurarán para lo que ha sido, les suplico la más absoluta reserva de eso, porque yo le he ofrecido á Belen casarme con ella" dándoles á comprender con ésto, que venia de tener contacto carnal con la Belen, que hasta entonces era reputada por pura, pues al ser llamado como testigo de cargo al acto del juicio oral por jurado, de dicha causa, celebrado el dia 12 del corriente mes de Octubre, declaró ante el Tribunal asegurando que entonces decía la verdad, que conocia á Genaro Ramos, y no sabia si llevaba relaciones con la jóven Belen Pavón, que no vió entrar ni salir á nadie en la casa de ésta, y que la Belen le obligó á decir que habia visto entrar á Genaro Ramos en su casa, pero yo no habia visto nada de lo que habia declarado ante el Hon. Fiscal, y que en la actualidad la citada Belen se consideraba como una jóven deshonrada en el vecindario. Este hecho es contrario á la ley para tal caso hecha y prevista y á la paz y dignidad del Pueblo de Puerto Rico. Libertad Torres Grau, Fiscal de Distrito. La acusación que antecede está basada en el testimonio de testigos examinados por mí bajo juramento, creyendo solemnemente que existe justa causa para presentarla al Tribunal.—Libertad Torres Grau, Fiscal de Distrito. Jurado y firmado ante mí, hoy día 21 de Octubre de 1903. Juan Arroyo Mestre, Secretario del Tribunal."

En el acto del **arraingment** el **acusado se** declaró no culpable y solicitó **ser juzgado por un jurado,** cuyo derecho se le otorgó. Se constituyó legalmente aquél y se celebró el juicio el nueve de Mayo último, trayendo el Fiscal, como prueba de los hechos en que funda su acusación, certificación del acta del juicio por jurados seguido contra Genaro Ramos por seducción de la joven Belen Pabon, en cuya acta consta la declaración jurada que prestó y firmó, el hoy acusado por perjurio, ante Don F. L. Cornwell, que entonces desempeñaba el cargo de Fiscal de la Córte de Mayagüez, y la que prestó en el acto del juicio; y aunque reconoció su firma y añadió que préviamente se le leyó su declaración, se expresa en la segunda en términos completamente contrarios á su anterior declaración, al extremo de ignorar en aquélla si el Genaro Ramos y Belen Pabón llevaban relaciones amorosas,. de afirmar que no vió entrar á nadie en la casa de ésta, ni habló esa noche con persona alguna, añadiendo que esta última manifestación es la verdad y que si ántes declaró otra cosa fué porque la jóven le obligó á decir que habia visto entrar en su casa á Genaro Ramos. Como esa prueba documental se admitió por el Tribunal, el defensor tomó excepción.

En el curso del juicio declaró el Fiscal, que era entonces Don F. L. Cornwell, y declararon asimismo dos Escribientes de la Fiscalia nombrados Bernardo Bocanegra y Pablo Verga y al mostrarles, el Fiscal, la declaración que ante él dió Pabón para que la reconociesen, se opuso á ello el defensor, y como se admitió esa prueba por el Tribunal, el defensor también tomó excepción.

Se practicó la prueba de la defensa consistente en testigos, siendo todos ellos individuos que constituyeron el jurado en el juicio por seducción y si bien álgunos dicen que nada recuerdan, la mayor parte afirma que Pabón se contradijo en el acto del juicio, y añade Don Juan B. Balsac que el 12 de Octubre no quiso Pabón Velez decir la verdad. El acusado

se negó á declarar. Las partes alegaron cuanto creyeron
conducente á su derecho, é instruido convenientemente el ju-
rado y retirado á deliberar, regresó á los pocos momentos
con el veredicto, declarando, culpable á Antonio Pabón Velez
del delito porque se le acusó· Anuncia su defensor un pliego
de excepciones y á su instancia se notifica ese propósito al
Fiscal. Se presentó el pliego de excepciones para que se resol-
viesen conforme á las prescripciones de la ley y puedan así
servir para la apelación que trata de establecer contra la sen-
tencia que se dicte.

Las excepciones son las siguientes: Primera: Que se admitió in-
debidamente el testimonio del acta del juicio en la causa contra Ge-
naro Ramos. por seducción, porque el acta original de donde se ex-
trajo es inexacta, nula y de ningún valor, puesto que se consignaron
conceptos de todo punto inciertos, careciendo, además, dicha acta, de
eficacia, porque no está autorizada por las partes que intervinieron,
tanto más cuanto que no hay disposición en la ley que prescriba que
el Secretario extienda el acta y haga constar lo ocurrido, sin la lec-
tura y aprobación de las partes. Segunda: Que se permitió al Fis-
cal exhibir á dos escribientes, que se dicen de la Fiscalia, la declara-
ción jurada que tomó como base para la acusación, cuando esos es-
cribientes no tienen atribuciones, ni son competentes para reconocer
el contenido de la declaración, porque ésta debe ser tomada solamente
por el Fiscal, y concluye suplicando al Juez de Derecho que resuelva
esas excepciones á los efectos de la apelación teniendo en cuenta lo
que declararon los testigos de la defensa y el hecho de que no se ha
traido prueba alguna de que dejara de ser cierto lo que primera-
mente declarara el acusado.

Ese pliego consta firmado por el Juez. En 12 de Mayo
último se dictó la sentencia condenando al acusado á las pe-
nas de que al principio se deja hecho mérito. Se estableció
apelación contra dicha sentencia y admitida se elevaron á
esta Corte Suprema las constancias necesarias y despues de
impugnar el recurso, se personó el defensor del apelante sos-
teniendo aquél oralmente su impugnación y éste las excep-

ciones que formuló ante la Corte de Mayagüez y cuya exposición ha quedado hecha en el curso de este relato.

Entendemos que el acta del juicio es un documento público, y que es el Secretario quien solamente puede expedir certificación de la misma, cuya autenticidad es indiscutible y eficaz su contenido, en tanto en cuanto no se demuestre su falsedad. El Secretario al expedirla y remitirla al Juez de Paz de Mayagüez á su instancia, manifiesta que es conforme con sus originales y esta afirmación de conformidad, no•ha sido desvirtuada en lo más mínimo. Por eso es que el Fiscal la presentó en el acto del juicio como prueba de su acusación y el Tribunal la admitió, cumpliendo así los más altos fines de la justicia y sin privar con esto al acusado de ningún derecho para su completa defensa. Hay que aceptar hoy, como ciertos, los hechos que contiene esa certificación del acta y de ella aparece una declaración jurada y firmada ante el Fiscal, por Pabón, y otra esencialmente contradictoria, y más que eso, la primera es una afirmación categórica de la culpabilidad de Ramos y la otra prestada en el juicio por seducción seguido contra éste, es la afirmación de su inocencia. No cabe mayor oposición entre las declaraciones de un mismo individuo que sabe escribir y que expontáneamente declaró. No hay nada tampoco que se oponga á que los empleados de la Fiscalia sirvan como testigos en juicio criminal. Ellos seguramente oyeron á Pabón referir los hechos ante el Fiscal, ellos presenciaron la lectura de la declaración y oyéronle expresar su conformidad y ellos, por último, le vieron firmar. No han depuesto estos individuos sobre detalles técnicos ó periciales, sino sobre hechos que solamente ellos, con el Fiscal, podían presenciar, y para robustecer la prueba documental y la declaración de aquél, se admitieron esos testigos que con sus declaraciones venían á disipar la duda que pudiera existir de que la declaración de Pabón se debiese á la coacción ó á otros motivos que no fueran su expontánea volutad.

¿Pero los hechos tal como se presentan á nuestra consideración constituyen el delito de perjurio? Indudablemente que sí. El Fiscal está autorizado para tomar el juramento que le exigió á Pabón y ese juramento era indispensable en su declaración, que versó sobre un hecho esencial cuya falsedad conocía, como lo afirmó en su segunda declaración prestada en el juicio, y como se deduce de la declaración del testigo Balsac, al afimar que Pabón no habia querido decir la verdad. En esa declaración que prestó, juró y firmó Pabón ante el Fiscal, no puede favorecerle ni aún el hecho de que ignorase la trascendencia de su falsedad, ni el de que en realidad no afectara á la causa en la cual se dió, porque es suficiente que tal declaración sea importante, como lo es indudablemente, y que haya podido utilizarse, como se utilizó, para afectar al proceso que se siguió contra Genaro Ramos por seducción. Esa es la doctrina que contienen los artículos 117 y 120 del Código Penal. Discutidas las excepciones alegadas, y considerado el hecho en su naturaleza jurídica, creemos que deben desestimarse los fundamentos en que descansa el recurso y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes, Sres. Presidente, Quiñones, y Asociado, Wolf.

Los Jueces Asociados Sres. Hernández y MacLeary no formaron Tribunal en la vista de esta causa.