EL PUEBLO, DEMANDANTE Y APELADO, *v.* NAVARRO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por delito de libelo infamatorio.

No. 1091.—Resuelto en marzo 29; 1917.

LIBELO INFAMATORIO—IMPUTACIONES NO CIERTAS.—Se imputó al acusado el haber publicado y circulado la siguiente hoja suelta: "El hospital no se llevaba a cabo porque Don Jorge Romany, presidente del ayuntamiento, tenía unas canteras arrendadas en el barrio de Sabana Llana, y también tenía una empresa de bueyes y carros, por la cual no pagaba contribuciones y esperaba encontrar un rematista de la obra para que le tomase los materiales; y cuando creyó haber conseguido sus deseos, se encontró con que el rematista ya tenía el contrato adjudicado y no podía tomarle materiales malos y caros; entonces empezó a tejer; se rescindió por fin el contrato y se pasó cerca de un año para volver a legalizar las cosas, sacar la obra a nueva subasta y que Romany encontrara su hombre. Por fin lo encontró, y el día 20 de noviembre citó para celebrar una sesión extraordinaria y en ella se trató de conceder el remate al Señor Guerini, que ya estaba en negocios con Romany." *Se resolvió:* que tales imputaciones de no ser ciertas constituyen claramente un libelo infamatorio.

ID.—COMISIÓN DE OTRO DELITO DE LIBELO POR EL DENUNCIANTE.—El hecho de discordia existente entre dos bandos políticos y el de que se lanzara una hoja suelta por uno de ellos en la cual se atacaba al acusado, no justifican que éste, miembro del otro bando, publicara y circulara otra hoja suelta—la que sirve de base a la acusación—imputando hechos constitutivos de delito al jefe del bando contrario. Por la circunstancia de que A cometa un delito de libelo contra B, B no está justificado en cometer otro delito de libelo contra A.

TESTIGOS—PREGUNTAS Y CONTESTACIONES—APELACIÓN.—Una decisión de la corte inferior negándose a permitir que un testigo conteste una pregunta, no puede considerarse en apelación cuando de los autos no aparece la pregunta y la contestación que se esperaba obtener.

Los hechos están expresados en la opinión.

El abogado del apelante no compareció.

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un caso de libelo. Se imputó al acusado el hecho de haber publicado y circulado una hoja suelta en el pueblo de Río Piedras en la cual, y con la tendencia de impugnar la honradez, integridad y buena fama de Jorge Romany, exponiéndolo así al odio y desprecio públicos, expresó lo que sigue:

"El hospital no se llevaba a cabo porque D. Jorge Romany, Presidente del Ayuntamiento, tenía unas canteras arrendadas en el barrio de Sabana Llana, y también tenía una empresa de bueyes y carros, por la cual no pagaba contribuciones y esperaba encontrar un rematista de la obra para que le tomase los materiales; y cuando creyó haber conseguido sus deseos, se encontró con que el rematista ya tenía el contrato adjudicado y no podía tomarle materiales malos y caros; entonces empezó a tejer; se rescindió por fin el contrato y se pasó cerca de un año para volver a legalizar las cosas, sacar la obra a una nueva subasta y que Romany encontrara su hombre. Por fin lo encontró, y el día 20 de noviembre citó para celebrar sesión extraordinaria y en ella se trató de conceder el remate al Señor Guerini, que ya estaba en negocios con Romany."

El acusado negó la acusación y celebrada la vista fué condenado como autor de un delito de libelo a pagar veinte y cinco pesos de multa y en defecto de pago a sufrir un día de cárcel por cada dólar que dejare de satisfacer. El acusado apeló entonces para ante este tribunal.

El apelante no compareció a la vista del recurso, ni ha presentado alegación escrita alguna en apoyo del mismo. En la transcripción figura una relación de las pruebas practicadas y un pliego de excepciones. La prueba de cargo demostró que el acusado publicó y circuló la hoja de que se trata, contentiva de imputaciones que, de no ser ciertas, constituyen claramente un libelo infamatorio. La prueba del acusado tendió a demostrar la verdad de sus imputaciones, pero el juez de distrito no la estimó suficiente, con razón, a nuestro juicio.

Las excepciones tomadas fueron dos y se consignaron en el pliego así:

"*Primera.*—Declaraba como testigo de la defensa el Señor Octavio García Salgado, y al ser preguntado 'la construcción del hospital, cómo se pensó llevar a cabo por el municipio' contestó: 'Entonces voy a hacer un historial de eso: El Pueblo de Puerto Rico le regaló al Ayuntamiento de Río Piedras dos cuerdas de terreno para que hiciera allí un hospital, con la condición de que los alumnos de la Universidad pudieran venir a trabajar allí, a practicar. Hubo una oposición por parte del presidente del ayuntamiento, Don Jorge Romany. Yo era en esa época concejal del ayuntamiento \* \* \* .'

"En ese instante el Señor Fiscal manifiesta: 'No veo que tenga que ver nada absolutamente el que El Pueblo de Puerto Rico le regalara un terreno al municipio, con los hechos que se imputan aquí. Que la declaración que va a dar el testigo, va a resultar perjudicando al mismo testigo, porque El Pueblo de Puerto Rico no ha pensado regalar nada, y la única gestión buena que se hizo es la del Señor Romany.'

"Entonces el Hon. Juez hace la manifestación siguiente: 'Lo que yo tengo que saber es si la hoja es libelosa o no es libelosa. Si es libelosa, yo condeno, sean cualesquiera los móviles que motivaron la hoja suelta.'

"En tal estado el abogado defensor presenta la siguiente moción: 'A los efectos del récord, el abogado defensor propone a la corte probar que en el pueblo de Río Piedras existen dos bandos políticos dentro del Partido Unionista de Puerto Rico, uno de los cuales es acaudillado por Don Jorge Romany, siendo jefe del otro Don Octavio García Salgado; que entre ambos bandos existe una discordia absoluta; que con motivo de cuestiones municipales, referentes al hospital y, a la construcción del hospital, hubo diferencias entre las personas que militan en uno y otro bando, lo que dió origen a la publicación de dos hojas sueltas; una anterior a la que se presenta por el Ministerio Público, y otra, la hoja suelta a que se refiere la acusación; y que el autor de la hoja suelta a que la acusación se refiere, o sea el acusado Antonio Navarro, hizo y publicó la hoja suelta de referencia, en defensa y justificación de ciertos ataques que se le habían dirigido públicamente en otra hoja suelta publicada en aquella población.'

"El Señor Fiscal se opone a la moción de la defensa, y la corte resuelve en la siguiente forma: ·

" 'Yo no estoy dispuesto (dijo el Hon. Juez) a admitir ninguna prueba sobre ese punto de que en Río Piedras haya una división política: esa prueba no interesa. El artículo 246 del Código Penal dice que, en todos los procesos promovidos por libelo, se podrá testificar la verdad ante el tribunal o jurado, y si éste estimare ser cierto lo denunciado como infamatorio, y haberse publicado con sana intención y para fines justificados, deberá absolverse libremente al acusado; incumbe al jurado determinar las cuestiones de hecho y de derecho. Sobre ese punto es lo único que puedo admitir pruebas. No tengo para qué saber que en Río Piedras haya división entre dos partidos.'

"La defensa manifiesta que la proposición de la prueba es con el objeto de demostrar la ausencia de malicia en la publicación de la hoja suelta. La corte mantiene su resolución y se toma excepción por el abogado defensor.

"*Segunda.*—Declaraba el testigo Don Octavio García, y al manifestar: 'Después del remate hecho por Garófalo, estando en la oficina del alcalde—estábamos el alcalde, Romany y yo—entró Garófalo y Romany le preguntó    *    *    *.'

"El Señor Fiscal se opuso manifestando: 'Aquí están el Señor Romany y el Señor Garófalo a la disposición de la parte. No se necesita traer prueba de referencia porque está la prueba directa aquí.'

"El abogado defensor, rebatiendo el argumento del Señor Fiscal, contestó: 'Cualquiera persona puede testificar acerca de una conversación habida y sostenida en su presencia. Si tratamos de probar únicamente que el Señor Salgado se hallaba presente cuando el Señor Romany y el Señor Garófalo sostenían cierta conversación relativa a la construcción del hospital y suministro de materiales, para esta prueba el Señor Salgado no es un testigo de referencia sino que sabe por propio conocimiento lo que va a declarar.

"El Honorable Juez resuelve la cuestión manifestando lo siguiente: 'Figúrese que viniera el Señor Garófalo y dijera que eso no es verdad. Yo creo no se debe decir nada que sea de referencia, lo que oyó el testigo de otras personas, nada más que cuando están presentes esas dos personas.'

"El abogado defensor del acusado tomó excepción."

Al razonar la primera de las excepciones, el abogado del acusado siguió el debido procedimiento y expuso lo que intentaba probar por virtud de las contestaciones del testigo.

Examinado ese razonamiento no puede concluirse que la corte cometiera error alguno, ya que el hecho de la discordia existente entre dos bandos políticos y el de que se lanzara una hoja suelta por uno de ellos en la cual se atacaba al acusado, no justifican que éste, miembro del otro bando, publicara y circulara otra hoja suelta—la que sirve de base a la acusación—imputando hechos constitutivos de delito al jefe del bando contrario. Por la circunstancia de que A cometa un delito de libelo contra B, B no está justificado de cometer otro delito de libelo contra A.

En la segunda excepción el abogado del acusado se apartó del procedimiento seguido en la primera, y es precisamente por ello que esta corte no está en condiciones de decidir si el error que pudo tal vez cometer la corte de distrito, fué o no perjudicial al acusado, ya que "una decisión de la corte inferior negándose a permitir que el testigo conteste una pregunta, no puede considerarse en apelación cuando del récord no aparece la pregunta y la contestación que se esperaba obtener." 3 Cyc. 165, y casos citados.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.