El Pueblo de Puerto Rico, demandante y apelado, *v.* Gustavo Cortés González, acusado y apelante.

No. 4487.—*Sometido:* Noviembre 25, 1931. *Resuelto:* Diciembre 11, 1931.

*Buenaventura Esteves,* abogado del apelante; *E. Díaz Viera, Fiscal Auxiliar,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Gustavo Cortés fué acusado de haber dado muerte a Matilde Pérez en la siguiente forma:

". . . allá por el día 14 de junio de 1930 y en el barrio 'Buenos Aires' del término municipal de Lares, que forma parte del Distrito Judicial de Aguadilla, Puerto Rico, allí y entonces, dicho acusado, Gustavo Cortés, mientras conducía y manipulaba ilegalmente en un camino público una escopeta cargada con balas, arma mortífera, y mientras ilegalmente le hacía la puntería al ser humano Matilde Pérez Nieves, sin guardar la debida prudencia y circunspección, hizo un disparo con dicha arma, produciéndole a dicha Matilde Pérez Nieves una herida de bala en la región orbicular izquierda, destrozándole la órbita de la base del cráneo y del encéfalo y a consecuencia directa de dicha herida de bala falleció allí y entonces dicha Matilde Pérez Nieves."

Calificado el hecho de homicidio involuntario y negada la acusación, fué la causa a juicio que se celebró ante un jurado. Este declaró culpable al acusado y la corte le impuso un año de presidio. Cortés solicitó un nuevo juicio. Su petición fué negada. Interpuso entonces el presente recurso de apelación, señalando en su alegato la comisión de seis errores.

■■ El mayor énfasis en la argumentación de los errores se pone en la del primero que se formula así:

"La Corte de Distrito cometió manifiesto error de derecho al denegar la recusación motivada del jurado señor Genaro Figueroa Jr."

Es cierto que el jurado manifestó que tenía opinión formada del caso, pero habiendo finalmente contestado al juez que "cambiaría la opinión que tenía formada si la prueba aportada así lo requería", y que "por la prueba que se presentara daría su veredicto", no cabe sostener que la corte abusara de su discreción al permitir que el jurado recusado juzgara al acusado. Además, aunque el error se hubiera cometido, no podría el acusado quejarse en apelación, ya que según consta del récord cuando el jurado quedó constituído quedaban al acusado cinco recusaciones perentorias por ejercitar de las seis que le concede la ley.

■■ Los errores 2 al 5 se refieren a la práctica de las pruebas. Se sostiene en ellos que la corte erró al no permitir al acusado que preguntara a la testigo Filomena Pérez sobre los motivos que tenía para creer que el acusado tenía la intención de matar a la testigo o a su hermana Matilde; al permitir al fiscal que hiciera al acusado la siguiente pregunta: "¿Y cómo se explica usted que Filomena dijera aquí que usted le había apuntado con la escopeta primero a ella y después a la otra?"; al permitir al fiscal que examinara en *rebuttal* al jefe de policía de Lares que estaba presente en el juicio, y al permitir declarar también en *rebuttal* al propio fiscal.

La corte no abusó de su discreción al no permitir la pre-

gunta que se hizo a la testigo Filomena Pérez, ya que no se trataba de un caso de asesinato sino de homicidio involuntario, no estando, por tanto, envuelta cuestión alguna de intención de matar. Además, no apareciendo de los autos la contestación que se esperaba obtener, no puede considerarse la cuestión en apelación. *El Pueblo* v. *Navarro,* 25 D.P.R. 65.

No resulta claramente errónea la pregunta del fiscal al acusado, pero, de serlo, no habría perjuicio, ya que el récord demuestra que cuando el juez dijo al acusado: ''Conteste la pregunta'', el acusado respondió: ''No sé contestar la pregunta'' y el fiscal manifestó: ''Nada más.''

El haber estado una persona en el salón de la corte mientras el juicio se celebra, no la imposibilita para declarar como testigo. La exclusión de los testigos de la audiencia es cuestión de discreción de la corte y en este caso ninguna de las partes solicitó la exclusión de los testigos ni la decretó el propio tribunal. Artículo 233, apartado 7 del Código de Enjuiciamiento Criminal.

En cuanto a la objeción sobre la declaración del fiscal, bastará citar lo resuelto por esta corte en el caso de *El Pueblo* v. *Pabón,* 7 D.P.R. 389:

''No hay precepto alguno legal que impida que los empleados de las Fiscalías de las Cortes de Distrito sirvan como testigos en un juicio criminal, para declarar sobre hechos que a su presencia ocurrieran y de los que solamente ellos y el Fiscal podían tener conocimiento.''

El sexto error se refiere a la negativa de la corte a anular el veredicto y a conceder un nuevo juicio.

Uno de los motivos en que se fundó fué el de haber formado parte del jurado Genaro Figueroa, recusado motivadamente. Ya hemos decidido que carece de mérito.

Otro que el jurado, después de constituído y antes de terminar el juicio, fué disgregado por orden de la corte yendo sus miembros a almorzar a sus casas.

El hecho de que el juez permitiera la separación de los

jurados mientras se celebraba el juicio, previas las advertencias de ley, que es lo único que aparece del récord, sin que se demostrara la concurrencia de alguna de las circunstancias fijadas en los Nos. 2, 3 y 4 del artículo 303 del Código de Enjuiciamiento Criminal, no es base para la concesión de un nuevo juicio.

El tercer motivo de la moción es que no se probó el *corpus delicti*. Es insostenible porque quedó claramente establecido por las declaraciones del Dr. Seín, de Filomena Pérez y del Jefe de la Policía Beniamino.

El séptimo y último error se refiere a la insuficiencia de la prueba. Esta fué contradictoria en cuanto a la forma en que ocurrió el suceso. No hay contradicción en cuanto a la muerte de la Srta. Pérez ocasionada con una escopeta por el acusado, pero éste sostiene que el hecho ocurrió al resbalar y caer y dispararse la escopeta que llevaba como guardián de una finca, mientras que la hermana de la víctima declara que el acusado les apuntó y no obstante ella decirle que con armas de fuego no se jugaba continuó el acusado apuntando, saliendo el tiro que ocasionó la muerte a Matilde. El jurado resolvió el conflicto en contra del acusado y no hay motivo alguno que justifique la revocación de la sentencia que la corte de distrito dictó basándose en su veredicto.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*